UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORVIN DAVID SOLORZANO PERES,

Petitioner,

v.

ON HABEAS CORPUS,

Respondent.

No. 1:26-cv-3917 TLN AC

ORDER

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Based on the facts related to petitioner's detention, he will be provisionally authorized to proceed in forma pauperis subject to the submission of a completed application to proceed in forma pauperis within thirty days. See 28 U.S.C. § 1914.

Rule 4 of the Habeas Rules Governing Section 2254 Cases[1] requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In this case, petitioner alleges that he has been detained for a month and that his detention violates due process because he is being subjected to mandatory detention. ECF No. 1 at 2, 6. He also alleges that the conditions of his confinement mirror those in prison. Id. at 6. These facts are insufficient to

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

support petitioner's claim that he has been denied due process and his claims regarding the conditions of his confinement are not properly before the court in a habeas action.  See Doe v. Garland, 109 4th 1188, 1194 (9th Cir. 2024) ("Pinson[2] solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement.").  Because it is not clear that leave to amend would be futile, petitioner will be given an opportunity to amend the petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Petitioner is provisionally authorized to proceed in forma pauperis subject to the submission of a completed in forma pauperis application within thirty days of the service of this order.  Failure to return a completed application will result in petitioner's in forma pauperis status being revoked and petitioner will be required to pay the $5.00 filing fee before proceeding.

2.   The Clerk of the Court is directed to serve petition with a copy of the non-prisoner in forma pauperis application used in this district.

3.   Within thirty days of the service of this order, petitioner may file an amended petition that provides factual allegations to support each claim for relief.  Failure to file an amended petition will result in a recommendation that this action be dismissed for failure to state a claim for relief.

4.   In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: May 26, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2]  Pinson v. Carvajal, 69 F.4th 1059 (9th Cir. 2023).

2