UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORVIN DAVID SOLORZANO PERES, A-220-710-396,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

No. 1:26-cv-03917 TLN AC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

////

////

////

////

////

////

I. Factual Background[1]

Petitioner is a native and citizen of Nicaragua who entered the United States without inspection in or around November 2021. ECF No. 9 (Verified Amended Petition) at 1, 4, 6; ECF No. 13 (Form I-213) at 4-5. On November 12, 2021, petitioner was issued a Notice to Appear, which charged him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA")—as an alien present in the United States without being admitted or paroled, and petitioner was released into the United States. Id. at 5. Petitioner has a pending Form I-589, which was filed on December 26, 2022. Id.

On April 26, 2026, petitioner was re-detained at a correctional facility in Miami, Florida, following his arrest for one count of nonmoving traffic violation (expired driver's license) and one count of hit and run (leaving the scene of a crash, no serious injury). Id. at 12–13. Petitioner was transferred to the California City Immigration Processing Center, where he has remained in immigration detention without an individualized bond hearing. ECF No. 9 at 4; ECF No. 9-2 at 7.

II. Procedural History

On May 21, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges his detention. ECF No. 1. Due to the complexity of the legal issues involved, the court appointed counsel for petitioner, and counsel filed the first amended petition for writ of habeas corpus on June 19, 2026. ECF Nos. 8, 9.

---

[1] Despite the court's order directing that "[a]ny response must include petitioner's Form I-213 for each immigration encounter, any orders of release or detention, any custody warrants or notices," ECF No. 10, respondents provided only the I-213 from petitioner's April 2026 arrest and his National Crime Information Center ("NCIC") interstate identification index response report, stating that additional documents have been requested but not received. ECF No. 13. Of note, respondents did not provide the I-213 from petitioner's November 2021 encounter with immigration authorities, the Notice to Appear issued in November 2021, or the document under which petitioner was released. Nonetheless, the court finds the documents submitted sufficient to establish the facts recounted herein.

In addition, respondents have not denied petitioner's factual allegations in their response. Id. Accordingly, all facts contained in the petition are deemed admitted and will be relied upon, unless the record reflects contrary facts. Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

Respondents were directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish this case from Morales-Flores v. Lyons, No. 1:25-cv-01640 TLN EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025), Brayan C.C. v. Warden of California City Corr. Ctr., No. 2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026), and other similar cases previously decided by this court." ECF No. 10. Respondents filed their response, and petitioner replied. ECF Nos. 13, 14.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

The petition asserts that petitioner's detention without a custody hearing violates the Immigration and Nationality Act ("INA") and its implementing regulations, as well as the Fifth Amendment Due Process Clause. ECF No. 9 at 11-14. By way of relief, the petition seeks petitioner's immediate release from custody under reasonable conditions of supervision or, in the alternative, "a prompt, constitutionally adequate custody hearing." Id. at 14. The petition also requests that the court declare that petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), and order the immigration judge not to deny jurisdiction, bond, or release based on respondents' position that petitioner's detention is governed by 8 U.S.C. § 1225(b) and to

"issue a reasoned written decision sufficient to permit meaningful review." Id. at 14–15. Petitioner further requests an award of reasonable attorney's fees and costs and any other relief deemed just and proper. Id. at 15.

As noted above, the court's briefing order directed a response to the petition and that respondents substantively address whether this case is materially distinguishable from Morales-Flores, Brayan C.C., and other similar cases. See ECF No. 10. In Morales-Flores and Brayan C.C., noncitizens asserted that their detention following revocation of their release without complying with the provisions in 8 U.S.C. § 1226(a) violated the INA and the Fifth Amendment Due Process Clause. Brayan C.C., 2026 WL 710358; Morales-Flores, 2025 WL 3552841. In each, the court found that the petitioners' detention was governed by 8 U.S.C. § 1226(a), rejected the respondents' argument that § 1225(b)(2)'s mandatory detention provisions applied, and held that the petitioners' detention without a bond hearing violated the INA. Brayan C.C., 2026 WL 710358, at *2; Morales-Flores, 2025 WL 3552841, at *2–4. The court also found that the petitioners, who had resided within the United States for several years before their detention, had a protected liberty interest in freedom from immigration detention, and procedural due process required, at a minimum, that petitioners receive a custody determination. Brayan C.C., 2026 WL 710358, at *3–4; Morales-Flores, 2025 WL 3552841, at *4–6. As a result of these findings, the court ordered the petitioners' immediate release and enjoined respondents from re-arresting or re-detaining them absent compliance with specific pre-deprivation procedural protections. Brayan C.C., 2026 WL 710358, at *4; Morales-Flores, 2025 WL 3552841, at *7.

In their response, respondents concede that "[t]he instant matter is not substantially different than the other cases cited by the Court in its its [sic] minute order." Id. at 1. Nevertheless, respondents contend that petitioner is an "applicant for admission," subject to mandatory detention under 8 U.S.C. § 1225(b), who does not possess a right to freedom from immigration detention in any form other than that provided by Congress. Id. (citing, inter alia, Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cit. 2026)). This argument is without merit.

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are eligible for release on bond pending removal proceedings. See Rodriguez Vazquez v. Bostock, ___ F.4th ___, 2026 WL 2196424, at *10, 26 (9th Cir. July 30, 2026) (affirming the district court's decision on the basis of longstanding statutory interpretation principles, agency practice, and legislative history). Furthermore, "[t]he vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who reside in the United States." Brayan C.C., 2026 WL 710358, at *2 (citing Morales-Flores, 2025 WL 3552841, at *3 (collecting cases)).

In their response, respondents also mention that petitioner was detained by Immigration and Customs Enforcement (ICE) after he was arrested in Miami, FL. ECF No. 13 at 1. To the extent respondents reference this arrest in an attempt to suggest that this justifies re-detaining petitioner without prior notice or a pre-detention hearing, this argument has been routinely rejected, and the undersigned therefore finds this factual distinction immaterial to the issue presented. See, e.g., Meyet K. v. Warden of the Central Valley Annex Detention Facility, No. 1:26-cv-05021 TLN CSK, 2026 WL 1970623, at *4 (E.D. Cal. July 8, 2026) (rejecting the respondents' assertion that petitioner "ha[d] no liberty interest by reason of an encounter with law enforcement" for misdemeanor assault/battery, "particularly where it was not accompanied by procedural safeguards"); Miguel A.G.C. v. Warden of the California City Correctional Center, No. 1:26-cv-03044 TLN CKD, 2026 WL 1398870, at *4 (same as to an arrest for misdemeanor driving under the influence); Wistong F.v. Immigration and Customs Enforcement, No. 1:26-cv-03399 TLN DMC, 2026 WL 1361794, at *2-3 (E.D. Cal. May 15, 2026) (citing Vargas Monsalve v. Chestnut, No. 1:26-cv-00626 DAD CKD, 2026 WL 242066, at *2 (E.D. Cal. Jan. 29, 2026)); Brayan C.C., 2026 WL 710358, at *1, 3-4.

Considering the recent Ninth Circuit ruling in Rodriguez Vazquez, the facts of this case, and respondents' concession that this case is not materially distinguishable from other cases in which this court has ordered habeas relief, the undersigned adopts and incorporates by reference

the reasoning in Rodriguez Vazquez, Morales-Flores, and Brayan C.C. and finds that (1) petitioner's detention under § 1225(b)(2) deprived him of the custody procedures Congress authorized for persons like petitioner under § 1226(a), (2) petitioner's re-detention without a pre-deprivation hearing before a neutral adjudicator deprived him of due process under the Fifth Amendment Due Process Clause, and (3) based on such deprivations, petitioner's detention violates the INA and the Fifth Amendment.[2]

Because petitioner was detained without the procedure due to him under 8 U.S.C. § 1226(a), the appropriate remedy for the statutory violation is to release him from unlawful custody. See, e.g., Dinesh S. v. Chestnut, No. 1:26-cv-01717 TLN EFB, 2026 WL 1028016, at *2 (E.D. Cal. April 16, 2026) (citing Quijada Cordoba v. Knight, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); Briceno Solano v. Mason, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the Government's argument that a bond hearing is the appropriate remedy)). The undersigned further finds that the remedy for a constitutional violation in this case is petitioner's immediate release from immigration detention. Ordering a post-deprivation hearing under such circumstances would render the due process right to a pre-deprivation hearing meaningless. See Mendoza v. Adelanto ICE Processing Center Warden, No. 5:26-cv-02144, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026) ("allowing the government to 'cure' such a violation by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless"); Martinez Lopez v. Dep't of Homeland Sec. et al., No. 25-cv-03607, 2026 WL 1365980, at *7 (C.D. Cal. Apr. 23, 2026) ("a post-detention bond hearing would offer little more than cold comfort to Petitioner, whose erroneous deprivation of liberty, along with the concomitant damage to his mental health and impact on his family, has already taken place") (citation modified).

////

[2] Because relief is appropriate on petitioner's statutory and due process claim, the court declines to address petitioner's other claim, which seeks the same or similar relief (*i.e.*, petitioner's immediate release).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's first amended petition for writ of habeas corpus (ECF No. 9) be GRANTED as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner NORVIN DAVID SOLORZANO PERES, A-220-710-396, with the same conditions he was subject to immediately prior to his detention on April 26, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.

   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Petitioner's request for attorney's fees and costs be DENIED without prejudice to bringing a properly noticed and supported motion.

4. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as

well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE