UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVIN DAVID S.P.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-03917-TLN-AC<br><br>A# 220-710-396<br><br>**ORDER** |

Petitioner, an immigration detainee proceeding through counsel, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 13, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 15.) Neither party filed objections to the findings and recommendations.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]"). Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 15) are adopted in full.

2. The First Amended Petition for Writ of Habeas Corpus (ECF No. 9) is GRANTED, as follows:

   a. Respondents shall IMMEDIATELY RELEASE Petitioner (A# 220-710-396) under the same conditions he was subject to immediately prior to his detention on April 26, 2026. At the time of release, Respondents must return all of Petitioner's documents and possessions.

   b. Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   c. Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government shows by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (2017). At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's request for attorney's fees and costs is DENIED without prejudice to bringing a properly noticed and supported motion.

4. **By August 24, 2026**, Respondents shall file a notice of compliance confirming Petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

5. The Clerk of Court is directed to serve the **California City Immigration Processing Center** with a copy of this Order.

6. The Clerk of Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE